LAURA H. PATTEN *vs.* JOSEPHINE DENNISON.

Cumberland.    Opinion, June 28, 1940.

*Udell Bramson,* for plaintiff.
*Cook, Hutchinson, Pierce & Connell,* for defendant.

SITTING: BARNES, C. J., STURGIS, THAXTER, HUDSON, MANSER, WORSTER, JJ.

MANSER, J. This is an action of trover to recover damages for the conversion of a diamond alleged to be of the value of $1,500. The plea was the general issue. At the close of the testimony for the plaintiff, the defendant rested her case, and the court on motion directed a verdict for the defendant. The case comes forward on exceptions to this ruling, and also on exceptions to rulings as to the admissibility of evidence.

It was incumbent on the plaintiff to show that she had either a general or a special property in the diamond, and further that she was at the time of the alleged conversion, entitled to its possession.

"Trover is a possessory action wherein the plaintiff must show that he has either a general or special property in the thing converted and the right to its possession at the time of the alleged conversion." *Weed* v. *Railroad Co.,* 124 Me., 336, citing *Jones* v. *Cobb,* 84 Me., 153; *Weeks* v. *Hackett,* 104 Me., 264; *Gilpatrick* v. *Chamberlain,* 121 Me., 561.

As to the possessory right, she utterly failed. It appears that in 1923 a Mrs. MacDonald, mother of the defendant, loaned to the plaintiff a considerable sum of money and took a mortgage on certain real estate as security for the loan. In connection with this transaction, the plaintiff testified that she pledged the diamond to Mrs. MacDonald.

She said, "I let her have the diamond until I was able to redeem the property, but it wasn't included in the mortgage."

There was no evidence of redemption of the real estate from the mortgage. It appears that in 1925, upon request, Mrs. MacDonald

rendered to the plaintiff an account, showing that there was then due on the loan more than $4,500, but there is not the slightest indication or assertion that payment or tender of payment was ever made. Lacking any evidence of fulfillment of the terms of the pledge, the plaintiff fails to make a prima facie case. She cannot compel a return of the pledge, or have damages for its conversion, without proof of compliance with the conditions which she shows to have been existent by her own testimony. *Bank* v. *Jackson*, 67 Me., 570.

While the defendant introduced no evidence to show that the pledgee took the required statutory action to sell the pledge, and terminate the plaintiff's right therein (R. S., Chap. 105, Secs. 80, 81), yet the defendant has a right to rely, as she did in this case, not upon her own claim of title but upon the lack of proof of a possessory right in the plaintiff.

The exceptions with regard to rulings as to admissibility of testimony are entirely ineffectual under the well-established rules. They fail to disclose what evidence was admitted or excluded. The only statement in the bill relative thereto is as follows:

"During the trial the plaintiff excepted to certain rulings of the presiding Justice as to the admissibility of certain evidence."

Perusal of the entire record discloses that failure to present these exceptions properly did not disadvantage the plaintiff, as it appears that no testimony admitted or excluded over objections of the plaintiff had any relation to the vital issue of her right to possession.

The entry will be

*Exceptions overruled.*